UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-14033-CR-CANNON

**UNITED STATES OF AMERICA,**

    Plaintiff,

vs.

**JOSHUA ADAMS BAGALA,**

    Defendant.
_____/

### ORDER GRANTING IN PART MOTION FOR RESTITUTION [ECF No. 41]

**THIS CAUSE** is before the Court upon the Government's Motion for Restitution for Twelve Victims of Defendant's Offense [ECF No. 41]. The Court has reviewed the Motion, Defendant's Amended Response [ECF No. 50], the Government's Supplement to the Motion [ECF No. 55], the various exhibits filed in support of the Motion [ECF No. 37 (Sealed Victim Impact Statements); ECF No. 44 (Sealed GX1–14); ECF No. 57 (Sealed GX15 for Victim "Ali")], and the full record. The Court also held two hearings on the matter of restitution—the first on March 28, 2023 [ECF No. 53], and the second on April 4, 2023 [ECF No. 58] following receipt of additional materials by the Government [*see* ECF No. 55]. Defendant was present at both hearings. Upon full review of the Motion, and for the reasons stated in open Court on March 28, 2023, and April 4, 2023, the Government's Motion [ECF No. 41] is **GRANTED IN PART** in accordance with this Order.

\*\*\*

Pursuant to the Mandatory Restitution for Sex Crimes section of the Violence Against Women Act of 1994 ("VAWA"), codified at 18 U.S.C. § 2259, the Court finds that victim "Jenny" of the "Jenny" series, victim "Tori" of the "PinkHeartSisters2" series, victim "Maureen" of the

"Lighthouse1" series, victim "Emily" of the "Tightsngold" series, victim "April" of the "Aprilblonde" series, victim "Pia" of the "Sweet White Sugar" series, victim "Lily" of the "Vicky" series, victim "Violet" of the "AtSchool" series, victim "Maria" of the "Best Necklace" series, victim "Sierra" of the "Jan Socks 1" series, victim, "Ali" of the "ZooFamily1" series, and victim "Skylar" of the "Jan Socks 3" series (hereinafter "the Victims"), are each victims harmed by Defendant's offense conduct in this case. The Court orders that Defendant, Joshua Adams Bagala, be held liable for restitution to the Victims.

The Court further orders that Defendant pay an apportioned amount of restitution in the following amounts:

1) $5,000 for victim "Jenny" of the "Jenny" series.
2) $10,000 for victim "Tori" of the "PinkHeartSisters2" series.
3) $3,000 for victim "Maureen" of the "Lighthouse1" series.
4) $3,000 for victim "Emily" of the "Tightsngold" series.
5) $5,000 for victim "April" of the "Aprilblonde" series.
6) $3,000 for victim "Pia" of the "Sweet White Sugar" series.
7) $3,000 for victim "Lily" of the "Vicky" series.
8) $3,000 for victim "Violet" of the "AtSchool" series.
9) $3,000 for victim "Maria" of the "Best Necklace" series.
10) $3,000 for victim "Sierra" of the "Jan Socks 1" series.
11) $3,000 for victim "Skylar" of the "Jan Socks 3" series.
12) $3,000 for victim "Ali" of the "ZooFamily1" series.

In support of its order, the Court finds as follows:

1. The mandatory restitution section of VAWA requires the Court to impose restitution for any offense under Chapter 110.

2. The offenses for which the Defendant was convicted and sentenced [ECF No. 40], namely possession of material containing visual depictions of sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2); is an offense codified in Chapter 110 that is subject to the Mandatory Restitution for Sex Crimes section of VAWA, under 18 U.S.C. § 2259.

3. Furthermore, 18 U.S.C. § 2259(c) defines a "victim" as an individual "harmed as a result of a commission of a crime" under Chapter 110. Restitution, pursuant to 18 U.S.C. § 2259(c), is available to victims who are harmed as a proximate result of a Chapter 110 offense.

4. Defendants convicted of Chapter 110 offenses must compensate for the full amount of the victim's losses, including:

   (A) Medical services relating to physical, psychiatric, or psychological care;
   (B) physical and occupational therapy or rehabilitation;
   (C) necessary transportation, temporary housing, and child-care expenses;
   (D) lost income;
   (E) reasonable attorneys' fees, as well as other costs incurred; and
   (F) any other relevant losses incurred by the victim.

18 U.S.C. § 2259(c)(2).

5. Title 18 U.S.C. § 3664(h), which is incorporated by 18 U.S.C. § 2259(b), allows the Court to apportion liability among defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant. *See also* Paroline v. United States, 572 U.S. 434, 458 (2014) ("[A] court applying [18 U.S.C.] § 2259 should order restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses.").

6. There is no dispute that Defendant possessed and received images of child pornography that depicted the Victims being sexually abused.

7. The Court finds that the Victims' knowledge that images of their abuse were being disseminated and possessed by others caused the Victims to be re-victimized; this has resulted in harm that is distinct from that suffered from the actual physical sexual abuse the Victims sustained as children. The details of this harm, both psychological and monetary, are further set forth in competent and reliable materials supplied by the Government in connection with the individual Victims [*see, e.g.*, ECF No. 44-2

(detailing psychological assessments and testing related to Victim "Jenny"), economic analyses of loss of wages and employee benefits, earnings offset, cost of future treatment, and reduction in value of life); ECF No. 44-5 (same for "Tori"); ECF No. 44-11 ("April")]. Accordingly, the Court finds that the Victims were harmed as a result of the criminal conduct engaged in by the defendant.

8. There is no dispute that other individuals have been charged and convicted in multiple districts with possessing, receiving, and/or disseminating child pornography involving the Victims.

9. As indicated in open Court, the Court considered the applicable guideposts in *Paroline v. United States*, 572 U.S. 434, 459–60 (2014), in determining a proper amount of restitution, and applied those guideposts to the competent and reliable evidence supplied by the Government in support of the Motion.

10. To the extent the Court determined that a lower restitution award was warranted than requested by the Government, the Court stated its reasons on the record at the hearing, relying, for example, on the relative number of images in Defendant's possession. The Court also denied Defendant's legal objections, based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), as stated in the Amended response [ECF No. 50 (also raising a challenge to disaggregation holding in *United States v. Rothenberg*, 923 F.3d 1309, 1333 (11th Cir. 2019)]. *See Dohrmann v. United States*, 442 F.3d 1279, 1281 (11th Cir. 2006); *see also United States v. Kachkar*, No. 19-12685, 2022 WL 2704358, at *10 (11th Cir. July 12, 2022)

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

The Defendant, Joshua Adams Bagala, is liable for a portion of that total loss caused to the Victims in this case.

The Defendant, Joshua Adams Bagala, is liable for restitution in the following amounts:

1. $5,000 for victim "Jenny" of the "Jenny" series, made payable to her counsel, "Marsh Law Firm PLLC in trust for Jenny" at the following address:
   Marsh Law Firm, PLLC   ATTN: Jenny
   P.O. Box 4668 #65135
   New York, NY 10163-4668

2. $10,000 for victim "Tori" of the "PinkHeartSisters2" series, made payable to her counsel, "Marsh Law Firm PLLC in trust for Tori" at the following address:
   Marsh Law Firm, PLLC   ATTN: Tori
   P.O. Box 4668 #65135
   New York, NY 10163-4668

3. $3,000 for victim "Maureen" of the "Lighthouse1" series, made payable to her counsel "Deborah A. Bianco, in trust for Maureen" at the following address:
   Attorney Deborah A. Bianco
   P.O. Box 6503
   Bellevue, WA 98008

4. $3,000 for victim "Emily" of the "Tightsngold" series, made payable to her counsel "Tanya Hankins in Trust for Emily" at the following address:
   Tanya Hankins
   P.O. Box 1091
   Tacoma, WA 98401

5. $5,000 for victim "April" of the "Aprilblonde" series, made payable to her counsel "Restore the Child in trust for April" at the following address:
   Restore the Child PLLC
   2252 N. Proctor St.  Suite 85
   Tacoma, WA 98401

6. $3,000 for victim "Pia" of the "Sweet White Sugar" series, made payable to her counsel "Deborah A. Bianco, in trust for Pia" at the following address:
   Attorney Deborah A. Bianco
   P.O. Box 6503
   Bellevue, WA 98008

7. $3,000 for victim "Lily" of the "Vicky" series, made payable to her counsel, "Carol L. Hepburn in trust for Lily" at the following address:
   Carol L. Hepburn

        P.O. Box 17718
        Seattle, WA 98127

8.    $3,000 for victim "Violet" of the "AtSchool" series, made payable to her counsel, "Carol L. Hepburn in trust for Violet" at the following address:
        Carol L. Hepburn
        P.O. Box 17718
        Seattle, WA 98127

9.    $3,000 for victim "Maria" of the "Best Necklace" series, made payable to her counsel, "Carol L. Hepburn in trust for Maria" at the following address:
        Carol L. Hepburn
        P.O. Box 17718
        Seattle, WA 98127

10.    $3,000 for victim "Sierra" of the "Jan Socks 1" series, made payable to her counsel, "Carol L. Hepburn in trust for Sierra" at the following address:
        Carol L. Hepburn
        P.O. Box 17718
        Seattle, WA 98127

11.    $3,000 for victim "Skylar" of the "Jan Socks 3" series, made payable to her counsel, "Carol L. Hepburn in trust for Skylar" at the following address:
        Carol L. Hepburn
        P.O. Box 17718
        Seattle, WA 98127

12.    $3,000 for victim "Ali" of the "ZooFamily1" series, made payable to her counsel, "Moore & Van Allen in trust for Ali of ZooFamily1" at the following address:
        Moore & Van Allen PLLC
        Attn: Sarah Byrne/049549.1
        100 N Tryon Street, Suite 4700
        Charlotte, NC 28202

An Amended Judgment will so reflect.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 13th day of April 2023.

                                                  AILEEN M. CANNON
                                                  **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record